

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 5, 1963

Mr. John L. Scott, Jr.   Opinion No. C- 24
County Attorney
Oldham County     Re: Sale, at public sale, of real
Vega, Texas        estate purchased by a taxing
              unit at delinquent ad valorem
              tax foreclosure sale for less
              than its adjudged value with-
              out consent of the other taxing
              units for whom it also holds
Dear Mr. Scott:      title.

   You ask whether the City of Vega, Texas was authorized
to sell certain lots, at public sale, which it had purchased at
sale pursuant to judgment for delinquent ad valorem taxes, for
less than its adjudged value, without the consent of the other
taxing units.

   You have furnished us the following relevant facts.  The
City of Vega purchased these lots for itself and the other taxing
units who also recovered judgment for their taxes in the suit.
The amount paid was the adjudged value stated in the judgment.
Subsequently, the city sold the property at public sale, within
the redemption period, for a sum substantially less than the
adjudged value stated in the judgment and without the consent
of the other taxing units.  All proceedings purport to follow
the provisions of Article 7345b of Vernon's Civil Statutes of
Texas.

   Our answer is that the City of Vega is authorized by
Section 9 of Article 7345b to sell the property at any time, at
public sale, without the consent of the other taxing units, for
less than its adjudged value.

   The relevant portion of Section 9 immediately prior to
its last amendment in 1947 read as follows:

     ". . . and such property shall not be
   sold by the taxing unit purchasing same
   for less than the adjudged value thereof
   or the amount of the judgments against
   the property in said suit, whichever is
   lower, without the written consent of all
   taxing units which in said judgment have

been found to have tax liens against
such property; . . ."

Both the amendment of 1947 and this Section 9 as it
existed at the time of such amendment authorize public sale
six months after the redemption period expires upon request of
any taxing unit which had obtained a judgment in the tax fore-
closure suit.

Prior to the 1947 amendment the land could not be sold
at any time prior to six months after expiration of the redemp-
tion period at either private or public sale for an amount less
than its adjudged value or the amount of the judgment, whichever
was lower, without the written consent of all taxing units who
were parties to the judgment of foreclosure.  The redemption
period was two years from the date of the foreclosure sale.
Under the 1947 amendment the redemption period is two years
from the date of the filing for record of the purchaser's deed.

In order to expedite sales of the property prior to
this two-year and six-month span of time the 1947 amendment
added the following new provision:

> ". . . The taxing unit may sell and
> convey said property so purchased by it,
> or which has heretofore been purchased
> in the name of any officer thereof, at
> any time in any manner determined to be
> most advantageous to said taxing unit or
> units either at public or private sale,
> subject to any then existing right of
> redemption; . . ."

The amendment further changed the requirement for
written consent of all taxing units to sales for less than the
adjudged value, or of the judgment, so as to apply only to pri-
vate sales.  This provision now reads:

> ". . . but such property shall not be
> sold by the taxing unit purchasing the
> same, at private sale, for less than the
> adjudged value thereof, if any, as established
> in the tax judgment, or the total amount for
> which such judgment was rendered against the
> property in said suit, whichever is lower,
> without the written consent of all taxing
> units which in said judgment shall have
> been found to have tax liens against said
> property. . . ."  (Underscoring added)

These changes authorized the City of Vega to sell the property at any time at public sale for less than the adjudged value thereof, without the consent of the other taxing units.

## S U M M A R Y

A taxing unit may sell real estate which it purchased at delinquent ad valorem tax foreclosure sale at any time at public sale and for less than the adjudged value of the property without consent of the other taxing units for whom it also holds title.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: W. E. Allen
Assistant

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
F. R. Booth
Jerry Brock
Howard Fender
Joe R. Long

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone